IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HORACE GRELY DEAN | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv368 |
| SHERIFF, SMITH COUNTY | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Horace Grely Dean, a pretrial detainee in the Smith County Jail proceeding pro se, filed a petition for a writ of habeas corpus and paid the filing fee. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the reasons explained below, the case should be dismissed without prejudice.

<u>Background</u>

Petitioner was originally arrested on state charges in January 2018. (Dkt. #9 at 1–2; Dkt. #9-1 at 1–3; Dkt. #10-1 at 1.) This Court issued a warrant for his arrest on federal criminal charges on January 24, 2018, and issued a detainer against him to the Smith County Jail the following day. (Dkt. #9-1 at 5–7.) Petitioner ultimately pleaded guilty to the federal charges and was returned to the Smith County Jail in March 2020 with a detainer to ensure service of his federal sentence of 150 months. (Dkt. #9 at 2; Dkt. #9-1 at 13.)

On March 31, 2020, a Smith County grand jury indicted Petitioner on a new charge of aggravated assault against a public servant. (Dkt. #9-1 at 16.) That charge remains pending and is the subject of the instant petition. Smith County records indicate that Petitioner was arraigned on that

1

charge on April 24, 2020, and that the trial court set scheduling deadlines for the case including a trial date of June 8, 2020. (Dkt. #9-1 at 18–26); Smith County Register of Actions for Case No. 241-0636-20, available at https://judicial.smith-county.com/PublicAccess/CaseDetail.aspx?CaseID=1706003 (last visited Jun. 29, 2022). That schedule was effectively stayed, however, by a series of emergency orders issued by the Supreme Court of Texas in light of the COVID-19 pandemic. (*See* Dkt. #9-1 at 67–72.)

At a pretrial hearing on September 1, 2021, the parties reported to the trial court that Petitioner had rejected a plea offer of fifteen years in prison with credit for time served, perhaps due to his belief (contrary to his attorney's advice and the trial judge's explanation) that his state prosecution was barred by the constitutional protection against double jeopardy. (Dkt. #9-1 at 38–40, 44.) Despite the trial judge's repeated instructions to remain silent and not to speak except through his attorney, Petitioner complained at length that his rights were being violated and he was dissatisfied with his attorney. (*Id.* at 40–42, 46–48.) Since then, the state court's docket indicates that another "plea docket agreement" hearing took place on May 5, 2022, after which Petitioner's previous counsel was allowed to withdraw. Smith County Register of Actions for Case No. 241-0636-20, available at https://judicial.smith-county.com/PublicAccess/CaseDetail.aspx?CaseID=1706003 (last visited Jun. 29, 2022). The court appointed new counsel to represent Petitioner on May 11, 2022, and another plea hearing has been postponed from June 20, 2022, until August 22, 2022. *Id.*

Petitioner submitted his federal petition on September 6, 2021. (Dkt. #1 at 8.) Respondent filed a response with supporting exhibits on December 16, 2021, to which Petitioner has filed a response in opposition. (Dkt. ##9, 10.) The case is fully briefed and ripe for review.

Claims for Relief

The petition raises four grounds for relief:

1. Violation of the Interstate Agreement on Detainers Act (IADA) (Dkt. #1 at 6);
2. Violations of Petitioner's right to due process under the Fifth and Fourteenth Amendments (*id.*);
3. Violation of Petitioner's right to a speedy trial under the Sixth Amendment and the IADA (*id.*); and
4. Violation of Petitioner's right to the effective assistance of counsel under the Sixth Amendment. (*Id.* at 7.)

Petitioner asks that the "pending detainers" causing him to be in state custody be dismissed and that he be returned to federal custody, with the intervening time to count against his federal sentence. (Dkt. #1 at 7.)

Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). But federal consideration of habeas petitions from detainees with ongoing state

3

criminal proceedings raises at least two special concerns: interference with state proceedings and exhaustion.

Federal courts have generally recognized that the "*Younger* abstention doctrine," arising from *Younger v. Harris*, 401 U.S. 37 (1971), applies to petitions for the writ of habeas corpus. *See*, *e.g.*, *In re Justices of Superior Ct. Dep't of Mass. Tr. Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds). The *Younger* abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger*, 401 U.S. at 44; *see Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *Younger* abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *accord Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

When these factors are present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 242–43 (1926)). The Fifth Circuit has observed three "narrowly delineated" exceptions to *Younger* abstention:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application

4

of the doctrine was waived.

*Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," and explained that

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [Exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The court thus found that the district court had properly granted relief on a fully exhausted speedy trial claim, but "emphasize[d] that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," and rejected the notion that its decision would "convert[] federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" *Id.* at 493.

Even when a case is sufficiently extraordinary to overcome *Younger*, a pretrial detainee is only entitled to federal review under Section 2241 if he has exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claim to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489-92. Exhaustion is necessary to respect the comity between the state and federal sovereigns and is a fundamental prerequisite to federal habeas corpus relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The district court may raise the exhaustion requirement sua sponte. *McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (en banc). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly

5

violated" and do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Texas provides an avenue for pretrial remedies for detainees. Specifically, Texas trial courts have jurisdiction over habeas corpus applications filed by pretrial detainees pursuant to Article 11.08 of the Texas Code of Criminal Procedure. Article 11.08 allows a pretrial detainee to challenge his confinement via a writ of habeas corpus in the trial court. If a trial court denies habeas relief, the applicant's appropriate remedy would be to take an appeal from this denial to the Court of Appeals. *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981). If the applicant is not satisfied with the decision of the Court of Appeals, he may petition for discretionary review with the Texas Court of Criminal Appeals. *Ex parte Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986). Thus, Petitioner has an avenue of exhaustion in the state courts.

Discussion and Analysis

1. IADA and Speedy Trial Violations

Both these claims appear to turn on the alleged failure to bring the pending criminal charges against Petitioner to trial in a timely manner. But Petitioner's criminal prosecution is ongoing, and it is indisputable that "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Moreover, as explained above, Texas provides an opportunity for detainees to exhaust their pretrial claims.

Petitioner asserts that he "has written the courts for months begging to have a proceeding and their [sic] was never a court date scheduled." (Dkt. #1 at 6.) Even if that were accurate, Petitioner does not assert that he has followed the pretrial habeas procedure outlined above or filed a petition for writ of mandamus in state court as required to exhaust his state remedies on this issue. Another district court sitting in Texas explained that requirement just last year:

6

> The Court finds that Wade has not exhausted available state remedies on his speedy trial claim. He has not filed a petition for writ of mandamus in the Texas Court of Criminal Appeals seeking to enforce his speedy trial right. *See Chapman v. Evans*, 744 S.W.2d 133, 135–138 (Tex. Crim. App. 1988) (conditionally granting a mandamus petition seeking to compel a district court to set for trial or dismiss a pending indictment); *Thomas v. Stevenson*, 561 S.W.2d 845, 846–47 (Tex. Crim. App. 1978) (conditionally granting a mandamus petition seeking to compel a district court to set a case for trial). Nothing in the record demonstrates that Wade has pursued a petition for a writ of mandamus in the Court of Criminal Appeals on his speedy trial claim. *See Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus). Texas has adequate and effective state procedures for obtaining a speedy trial. In the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Wade's speedy trial claim, it must be dismissed for failure to exhaust state remedies. *See McGhee v. Texas*, No. CV H-14-1538, 2014 WL 12673708 at *1 (S.D. Tex. July 30, 2014).

*Wade v. Wichita Cnty. Texas*, No. 7:21-CV-001-O-BP, 2021 WL 927043, at *1 (N.D. Tex. Mar. 10, 2021), *appeal dismissed*, No. 21-10283, 2021 WL 5751441 (5th Cir. Dec. 2, 2021); *see also Davis v. King*, No. 3:20-CV-2889-B-BN, 2020 WL 12178185, at *2 (N.D. Tex. Sept. 22, 2020), *report and recommendation adopted*, No. 3:20-CV-2889-B, 2021 WL 4949300 (N.D. Tex. Oct. 25, 2021) ("This exhaustion requirement applies to habeas claims made under the IADA" (citing *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985)). Accordingly, it does not appear that Petitioner has exhausted these claims.

Moreover, *Younger* would require the Court to abstain from considering these claims at this stage even if they were properly exhausted. The Supreme Court has found habeas relief on an exhausted pretrial speedy trial claim to be proper in a case in which the relief sought was a prompt trial. *Braden*, 410 U.S. at 485, 489 (observing that the petitioner sought an order "directing respondent to afford him an immediate trial" and that "petitioner has exhausted all available state remedies as a prelude to this action"). "[C]ourts appear to distinguish, however, between speedy trial claims where the petitioner seeks to enforce his right to speedy trial by asking the federal court to order that a trial take place—in which case the court should not abstain if the petitioner has exhausted his state court remedies—and

7

speedy trial claims where the petitioner seeks to enjoin the pending state court proceedings based on a speedy trial claim—in which case the court should abstain." *Barrett v. Scott*, No. 16-CV-3073, 2016 WL 3661103, at *2 (C.D. Ill. July 5, 2016) (abstaining from Section 2241 pretrial speedy trial claim where petitioner sought release rather than trial); *see also Simpson v. Dail*, No. 5:09-HC-2109-FL, 2010 WL 3835137, at *3 (E.D.N.C. Sept. 28, 2010) (holding that the "court lacks jurisdiction under *Younger* and its progeny" to consider Section 2241 pretrial IADA and speedy trial claims seeking dismissal of charges).

Petitioner here does not ask this Court to order a prompt trial but for dismissal and related relief. (Dkt. #1 at 7.) He expressly asserts in his reply that "dismissal of the indictment, information, or complaint is the appropriate sanction" for the IADA violation he alleges. (Dkt. #10-1 at 1.) Both *Younger* and the exhaustion requirement preclude the Court's consideration of that request.

2. Remaining Claims

The rest of Petitioner's claims for relief consist of vague allegations of ineffective assistance of counsel and due process violations. (Dkt. #1 at 6–7.) There is nothing even arguably extraordinary about those claims that would remove them from the scope of *Younger* abstention. The Supreme Court has made clear that "[o]nly if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Id.* at 125.

Petitioner's dissatisfaction with the performance of his attorney or with the criminal proceedings against him does not distinguish his case from that of the typical criminal defendant who goes on to file a post-conviction habeas action. He has the opportunity to exhaust those claims in state

court if he is convicted. *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013) (discussing exhaustion of ineffective-assistance claims on collateral review). Accordingly, Petitioner does not face irreparable injury if this Court abstains from interfering at this stage in his prosecution. *See Gibson v. Orleans Parish Sheriff*, 971 F. Supp. 2d 625, 631 (E.D. La. 2013) (finding that petitioner did not face irreparable injury if the federal court deferred to the state court's jurisdiction to hear the criminal case because petitioner could appeal his state case if convicted); *Rhodes v. Plummer*, No. C 96-3924 EFL, 1996 WL 721825, at *2 (N.D. Cal. Dec. 9, 1996) (finding that petitioner did not meet his burden to show irreparable harm or special circumstances that would justify federal court intervention into his vindictive prosecution claim because if petitioner were to be convicted in state court, state court postconviction and collateral proceedings and federal habeas corpus proceedings would be available to petitioner).

Moreover, even if *Younger* did not preclude immediate consideration of these claims, Petitioner has not exhausted them in state court before raising them in his federal petition. For the same reasons explained above, that failure to exhaust requires dismissal of his claims.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do

this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists reviewing this case could not disagree with the recommended outcome. Accordingly, the Court should deny a certificate of appealability.

## RECOMMENDATION

The undersigned accordingly recommends that a writ of habeas corpus be denied, this action be dismissed without prejudice to Petitioner's right to pursue any habeas claims pursuant to 28 U.S.C. § 2254 in the event that he is convicted, and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 1st day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE