IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HORACE GRELY DEAN, III, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Case No. 6:21-cv-368-JDK-KNM |
| § | |
| SHERIFF, SMITH COUNTY, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Horace Grely Dean, III, a pretrial detainee in the Smith County Jail proceeding pro se, filed this petition for writ of habeas corpus to challenge the legality of a criminal charge pending against him in state court. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case. Docket No. 2. Sheriff Smith responded and moved to dismiss the petition, relying in part on Petitioner's failure to exhaust his state law remedies. Docket No. 9 at 6–7, 11. On July 1, 2022, Judge Mitchell issued a Report recommending that the petition be dismissed without prejudice and that a certificate of appealability be denied. Docket No. 12. Petitioner filed timely a written objection. Docket No. 13.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is without merit. The Magistrate Judge reports that a charge of aggravated assault against a public servant, for which Petitioner was indicted by a Smith County grand jury on March 31, 2020, remains pending in state court and is the subject of the instant petition. Docket No. 12 at 1. Accordingly, she recommends that the Court abstain from intervening in Petitioner's ongoing criminal prosecution pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and dismiss the petition without prejudice as unexhausted. *Id.* at 3–9. Petitioner's objection does not address the applicability of the *Younger* abstention doctrine or the unexhausted nature of his claims.

Petitioner's primary point of contention with the Report is that the Magistrate Judge refers to the pending 2020 indictment as a "new" charge, when he says it arose from an incident that occurred in 2018. Docket No. 13 at 1, 3. But that quarrel over semantics has no bearing on the legal reasons for the recommended dismissal. Likewise, his insistence that he was never properly arraigned on the state charges, *id.* at 3, is not determinative on the critical questions of abstention or exhaustion. In fact, Petitioner continues to assert in his objection a right to "relief in the form of a dismissal" of the state criminal charge, which underscores the applicability of the *Younger* abstention doctrine to this case. *Id.*

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 13) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 12) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice. The Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **28th** day of **July, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

Case 6:21-cv-00368-JDK-KNM   Document 14   Filed 07/28/22   Page 3 of 3 PageID #: 166